```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DR. CHINWE OFFOR,
                                      Plaintiff,

            -against-                                          MEMORANDUM OF
                                                               DECISION & ORDER
MERCY MEDICAL CENTER, ROCKVILLE CENTRE                         15-cv-2219 (ADS)(SIL)
DIVISION, CATHOLIC HEALTH SERVICES OF LONG
ISLAND, DR. SWARNA DEVARAJAN, and
DR. JOHN P REILLY,

                                      Defendants.
----------------------------------------------------------------------X
```

**Ike Agwuegbo, Esq.**
*Attorney for the Plaintiff*
575 Lexington Avenue, 4th Floor
New York, NY 10022

**Nixon Peabody LLP**
*Attorneys for the Defendants*
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753
          By: Christopher G. Gegwich, Esq.
              Tony Garbis Dulgerian, Esq., Of Counsel

**SPATT, District Judge**.

On April 20, 2015, the Plaintiff Dr. Chinwe Offor (the "Plaintiff") commenced this action against the Mercy Medical Center ("MMC"), Catholic Health Services of Long Island, Inc. ("CHSLI"), Dr. Swarna Devarajan, and Dr. John P. Reilly (collectively, the "Defendants"). She asserted the following causes of action: (i) national origin and race discrimination pursuant to 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. Law § 296(1) ("NYSHRL"); (ii) retaliation under Title VII; (iii) violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"); and (iv) "libel, slander, and intentional infliction of emotional distress."

On May 15, 2015, the Plaintiff filed an amended complaint as a matter of course pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P." or "Rule") 15(a)(1)(A).

On March 10, 2016, the Court issued a decision and order (the "March 10, 2016 Order") (i) granting the Defendants' motion to dismiss the amended complaint; (ii) denying the Plaintiff's motion to file a second amended complaint; and (iii) granting the Defendants' motion to seal certain documents attached to the original and first amended complaint. In addition, the Court reserved decision on the parties' cross-motions for sanctions and stayed the entry of judgment pending its ruling on the cross-motions.

Presently before the Court is a motion by the Defendants pursuant to Fed. R. Civ. P. 11(b)(1) and (b)(2), 28 U.S.C. § 1927, and the Court's inherent powers for sanctions against the Plaintiff and Ike Agwuegbo, Esq. ("Agwuegbo"), the Plaintiff's attorney, for costs and attorneys' fees incurred by the Defendants in addressing the Plaintiff's repeated failure to properly redact confidential information in their filings. Also before the Court is a cross-motion for sanctions against the Defendants and Nixon Peabody LLP ("Nixon Peabody"), the law firm representing the Defendants, to pay the costs and attorneys' fees incurred by the Plaintiff in filing suit against the Equal Opportunity Employment Commission ("EEOC") in a separate and related action.

For the reasons set forth below, the Court grants the Defendants' motions for sanctions against the Plaintiff and Agwuegbo and denies the Plaintiff's motions for sanctions against the Defendants and Nixon Peabody.

## I. DISCUSSION

The Court refers to the March 10, 2016 Order for an exhaustive account of the facts and procedural history of this case.

**A. The Legal Standards**

Under the so-called "American Rule," "'[i]n the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'" Oliveri v. Thompson, 803

F.2d 1265, 1271 (2d Cir. 1986) (quoting Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247, 95 S. Ct. 1612, 1616, 44 L.Ed.2d 141 (1975)).

However, "[u]nder the inherent power of the court to supervise and control its own proceedings, an exception to the American Rule has evolved which permits the court to award a reasonable attorneys' fee to the prevailing party when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. (internal quotation marks and citations omitted). "Awards under the inherent power exception to the American Rule may be made against the losing party or against the attorney for the losing party." Id.

"In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay." Enmon v. Prospect Capital Corp., 675 F.3d 138, 143 (2d Cir. 2012). "A claim is colorable when it reasonably might be successful, while a claim lacks a colorable basis when it is utterly devoid of a legal or factual basis." Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 337 (2d Cir. 1999). "'[B]ad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" Enmon, 675 F.3d at 143 (quoting Schlaifer Nance, 194 F.3d at 336).

28 U.S.C. § 1927 ("Section 1927") provides another avenue for sanctions against attorneys. It states, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

In practice, "'the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the

3

court's inherent power may be made against an attorney, a party, or both.'" Enmon, 675 F.3d at 144 (quoting Oliveri, 803 F.2d at 1273).

Rule 11 provides a third avenue for sanctions. As relevant here, Rule 11(b) states,

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . . (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and] (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b)(1), (b)(2). Rule 11(c)(1), in turn, provides, "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." A sanction under Rule 11 may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). However, a court may not impose a monetary sanction on a represented party for violating Rule 11(b)(2). Id. at 11(c)(5).

Unlike sanctions under Section 1927 and the Court's inherent power, sanctions under Rule 11 do not require a finding of bad faith. Rather, "the standard for triggering sanctions under Rule 11 is 'objective unreasonableness[.]'" Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 178 (2d Cir. 2012) (quoting Margo v. Weiss, 213 F.3d 55, 65 (2d Cir. 2000)). With respect to legal contentions, "[t]he operative question is whether the argument is frivolous, i.e., the legal position has 'no chance of success,' and there is 'no reasonable argument to extend, modify or reverse the law as it stands.'" Fishoff v. Coty Inc., 634 F.3d 647, 654 (2d Cir. 2011) (quoting Morley v. Ciba–Geigy Corp., 66 F.3d 21, 25 (2d Cir. 1995)).

**B. As to the Defendants' Motion for Sanctions**

Based on the facts set forth in the March 10, 2016 Order, there is more than ample basis for the Court to conclude that (1) the Plaintiff and Agwuegbo lacked a colorable basis to file unredacted

4

confidential information; and (2) the Plaintiff and Agwuegbo exhibited bad faith in continuing to file documents on the public docket with confidential information despite being warned by the Defendants of their obligation to redact such information.

As the Court made clear in the March 10, 2016 Order:

[The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104–191 (1996)] and the accompanying regulations promulgated by the Department of Health Services ("DOH") keep from disclosure 'protected health information' related to the 'treatment, payment, or healthcare operation.' 45 C.F.R. § 164.502(a). The term 'health information' covers, among other things, 'past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual.' Id. at § 160.103. The DOH regulations permit health care providers, such as the Plaintiff, to disclose protected health information in the context of litigation proceedings under limited circumstances when, as relevant here, he or she "excludes" a patient's identifiable information, such as: (i) names; (ii) postal address information; (iii) telephone numbers; (iv) medical record numbers; (v) account numbers; and (v) "other unique identifying number, characteristic, or code, except as permitted by paragraph (c) of this section[.]"

(March 10, 2016 Order at 42–43.)

In addition, Fed. R. Civ. P. 5.2 requires a party, subject to certain exceptions not relevant here, to redact an individual's (i) "taxpayer-identification number" by including only "the last four digits" of the "taxpayer identification number"; (ii) "birth date" by including only the "year of the individual's birth"; and (iii) the "name of an individual known to be a minor" by substituting "the minor's initials."

Further, a 2004 administrative order issued by then Chief Judge of this District Edward R. Korman requires attorneys to partially redact from "all pleadings, filed with the court, including exhibits thereto" social security numbers, names of minor children, dates of birth, and financial account numbers (the "2004-09 Administrative Order"). See EDNY Administrative Order 2004-09, *available at https://img.nyed.uscourts.gov/files/general-ordes/adminorder04-09.pdf* . The Order further states that counsel is required to "exercise caution when filing documents that contain the following: 1) Personal identifying number, such as driver's license number; 2) medical records, treatment and diagnosis; 3) employment history; 4) individual financial information; and 5) proprietary or trade secret information."

To access the Court's CM/ECF filing system, all counsel, including Agwuegbo, are required to check a box indicating that they understand and acknowledge their redaction responsibilities under Rule 5.2 and the 2004-09 administrative order. Thus, Agwuegbo was on notice of his obligations to redact personal identifying information from the moment that he opened this case.

Despite being on notice of the redaction obligations, on April 20, 2015, and May 27, 2015, respectively, the Plaintiff filed a complaint and an amended complaint with hundreds of pages of medical records of the Plaintiff's patients, most of whom were infants, with "unredacted patient names, patient telephone numbers and addresses, medical record numbers, treatment dates, and details concerning patients' medical care." (Mar. 10, 2016 Order at 8–9.)

As the Defendants correctly point out, courts have sanctioned lawyers and their clients for failing to properly redact individuals' personal identifying information because of the potential serious consequences to those individuals, such as identity theft, which can result from the public disclosure of such information. See, e.g., Reed v. AMCO Ins. Co., No. 3:09-CV-0328-LRH-RAM, 2012 WL 1964094, at *1 (D. Nev. May 31, 2012) (awarding $4,560.50 in attorneys' fees to the plaintiff because the defendant filed "several documents with improper confidential information"); Weakley v. Redline Recovery Servs., LLC, No. 09-CV-1423 (BEN) (WMC), , at *2 (S.D. Cal. Apr. 20, 2011) (imposing a $900 sanction on defendant's counsel under the court's inherent power because counsel publicly filed documents containing the plaintiff's social security number, without redaction, in violation of Rule 5.2); Engeseth v. Cty. of Isanti, Minn., 665 F. Supp. 2d 1047, 1048 (D. Minn. 2009) (imposing a $5,000 sanction on plaintiff's counsel for filing a sworn affidavit that included full social security numbers and dates of birth for 179 individuals).

Thus, the fact that Agwuegbo attached to the Plaintiffs' pleadings the unredacted medical records of infants is itself grounds for a sanction.

The Subsequent conduct of the Plaintiff and Agwuegbo in refusing to redact this information or seal the documents even after being notified by Defendants' counsel of their obligations to do so

provides even further evidence of bad faith.  Specifically, on May 27, 2015, Defendants' counsel sent a letter to Agwuegbo notifying him of the presence of information in the pleadings protected by HIPAA and Rule 5.2 and enclosing a proposed redacted version of the complaint and exhibits.  (See Gegwich Decl., Dkt. No. 33, Ex. B.)  Agwuegbo refused to meet and confer to discuss the issue and instead urged the Defendants to file a motion before the Court.  (See id.)

On June 16, 2015, the Defendants, having exhausted all of their options, moved to seal the complaint, the amended complaint, and the documents attached thereto.  (See Dkt. No. 16.)

In response, on June 28, 2015, the Plaintiff filed a motion for leave to file a second amended complaint which included a copy of her rebuttal statement submitted to the EEOC.  Attached to the EEOC statement are exhibits which contain infant patient names, full medical record numbers, partial dates of birth of infant patients, MMC's tax identification numbers, and other personal identification numbers.  (See Dkt. No. 22–8 – 22–15.)  Such information is clearly protected from disclosure under HIPAA and Rule 5.2(a).  The Plaintiff then filed some of the same documents as exhibits to her opposition to the Defendants' motion to seal, and in opposition to the Defendants' motion to dismiss.  (See Dkt. Nos. 23–7 — 23-14 & 25-7 – 25-14.)  Thus, instead of alleviating the problem, the Plaintiff's actions compounded it.

In opposition to the Defendants' motion to seal, the Plaintiff and Agwuegbo offered no coherent legal or factual basis for continually failing to redact this patient information and entirely failed to address HIPAA, Rule 5.2, and the great weight of authority offered by the Defendants which clearly showed that this information should have been redacted.  Thus, there was no "colorable basis" for their opposition to the Defendants' motion to seal or their decision to include unredacted personal identifying information in subsequent publicly available filings.

In addition, the Court finds that Agwuegbo's failure to meet and confer with the Defendants and then his decision to continue to publicly file documents containing confidential and unredacted medical information of infant children goes far beyond the pale of reasonable conduct so as to lead to

7

the conclusion that Agwuegbo and the Plaintiff were undertaking these actions for some improper purpose. In sum, the Court finds that the conduct of the Plaintiff and Agwuegbo with regard to personal confidential information of MMC and MMC's patients provides clear evidence of bad faith. Enmon, 675 F.3d at 143 ("[B]ad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'") (quoting Schlaifer Nance, 194 F.3d at 336). Accordingly, the Court grants the Defendants' motion for sanctions against the Plaintiff and Agwuegbo pursuant to its inherent discretion, Section 1927, and Rule 11.

Given the unnecessary motion practice and, more importantly, the potential serious consequences to unsuspecting families which resulted from the conduct of the Plaintiff and Agwuegbo, the Court finds that a sanction in the amount of reasonable attorneys' fees and costs expended by the Defendants in connection with the filing of the motion to seal and the instant motion is eminently reasonable and necessary to deter further violations of Rule 5.2 and HIPAA. As such, the Court grants Nixon Peabody leave to file a supplemental declaration containing billing records and a summary of the fees and costs that it charged to the Defendants in connection with these motions. After the filing of these records, the Court will determine the reasonable amount of attorneys' fees and the total amount of the sanction to be imposed upon the Plaintiff and Agwuegbo.

## C. As to the Plaintiff's Cross-Motion for Sanctions

The Plaintiff cross-moves for sanctions against the Defendants and Nixon Peabody because she apparently contends that the EEOC is in collusion with Nixon Peabody to prevent the Plaintiff from obtaining discovery related to her discrimination claims. (See the Pl.'s Mem. of Law at 1–2.)

The Court finds the Plaintiff's contentions in this regard to be wholly unsupported, speculative, and without any legal basis. Thus, the Court denies the Plaintiff's cross motion for sanctions.

## II. CONCLUSION

For the foregoing reasons, the Defendants' motion for sanctions against the Plaintiff and Agwuegbo is granted; and the Plaintiff's cross-motion for sanctions is denied. The Defendants are directed to file a supplemental declaration within thirty days of the date of this Order in support of their request for attorneys' fees. The Plaintiff may file a rebuttal within 14 days of being served with the Defendants' supplemental declaration.

As the Court has now ruled on the cross-motions for sanctions, there is no need to continue to stay the entry of judgment in this case. Accordingly, the Clerk of the Court is directed to enter judgment for the Defendants consistent with the March 10, 2016 Order.

**SO ORDERED.**

Dated: Central Islip, New York
June 25, 2016

                                                                                          */s/ Arthur D. Spatt*
                                                                                          ARTHUR D. SPATT
                                                                                          United States District Judge