FILED
CLERK
2:21 pm, Aug 28, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
DR. CHINWE OFFOR,

                                Plaintiff,       **MEMORANDUM OF**
                                                           **DECISION & ORDER**
          -against-                      2:15-cv-2219 (ADS)(SIL)

MERCY MEDICAL CENTER, ROCKVILLE
CENTRE DIVISION, CATHOLIC HEALTH
SERVICES OF LONG ISLAND, DR.
SWARNA DEVARAJAN, and DR. JOHN P
REILLY,

                                Defendants.

----------------------------------------------------------X

**APPEARANCES:**

**Ike Agwuegbo, Esq.**
*Attorney for the Plaintiff*
575 Lexington Avenue, 4th Floor
New York, NY 10022


**Nixon Peabody LLP**
*Attorneys for the Defendants*
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753
        By: Christopher G. Gegwich, Esq.
            Tony Garbis Dulgerian, Esq., Of Counsel

**SPATT, District Judge**:

      Before the Court is the Plaintiff's objections to a confidentiality order issued by United States Magistrate Judge Locke on August 14, 2018 ("the Order"). ECF 92. The Plaintiff rejected a proposed stipulation and order of confidentiality to govern the exchange of documents and information in this matter, prompting the Defendants to file a motion for a protective order permitting the parties to designate certain documents and information produced during discovery

as confidential pursuant to Federal Rule of Civil Procedure ("Rule") 26(c). ECF 77, 79. On June 27, 2018, Judge Locke granted the Defendants' motion and directed the Defendants to submit a revised confidentiality order. ECF 85. On July 13, 2018, the Defendants submitted such an order, after which Judge Locke issued the Order. ECF 92. A few hours later, the Plaintiff objected to the Court. ECF 93. After taking the Plaintiff's objections under consideration, the Court denies the Plaintiff's motion.

The Court begins by noting that the Plaintiff's motion is procedurally deficient under the District's Local Rules and the Court's individual rules, which require a notice of motion, a memorandum of law and supporting affidavits. *See* Local Rule 7.1(a); Individual Motion Practices (IV)(B). The Plaintiff's "motion" is a three-page document listing a number of complaints with the Order. It lacks a majority of the information which parties must include in a properly-filed motion, such as the relief sought by the motion or a memoranda of law containing a statement of facts.

In the ordinary circumstance, the Court would deny the Plaintiff's motion without prejudice and provide the Plaintiff an opportunity to re-file the motion in a manner compliant with the Local and Individual Rules. However, the Court denies the motion with prejudice, because it is meritless.

According to the Plaintiff, she is entitled to *de novo* review of the Order, because it is a report and recommendation under 28 U.S.C. § 636(b)(1)(C) and Rule 72(b). This standard of review only applies to "[f]indings and [r]ecommendations" tied to dispositive motions. Rule 72(b)(1). The Order is not such a finding and recommendation. It solely governs the exchange of documents and information produced during discovery, and does not touch upon the merits of this case.

Instead, the Order, as a "pretrial matter not dispositive of a party's claim or defense," falls under Rule 72(a), which only permits this Court to set aside Judge Locke's decision if it "is clearly erroneous or contrary to law." "Under the clearly erroneous standard of review of Rule 72(a), the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Cendant Mortg. Corp. v. Saxon Nat'l Mortg.*, 492 F. Supp. 2d 119, 124 (E.D.N.Y. 2007) (Spatt, J.). Additionally, "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008) (citation omitted). "Pursuant to this highly deferential standard of review, magistrate judges are thus afforded broad discretion in resolving discovery disputes . . . [and] a party seeking to overturn a discovery order bears a heavy burden." *Garcia v. Benjamin Grp. Entm't Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011).

With this standard of review in mind, the Court finds that none of the Plaintiff's three objections carry the heavy burden required to overturn Judge Locke.

First, the Plaintiff objects that the scope of "Confidential Information" as set forth in the Order is too broad. However, the Order does not, as the Plaintiff suggests, provide blanket protection to all of the documents to-be-produced by the parties. Rather, the Order merely allows the parties to designate certain types of documents containing sensitive information as confidential, ECF 92 ¶ 2, and sets forth procedures for parties to challenge any disagreeable designations, *id.* ¶ 6. Further, the Order defines "Confidential Information" in a manner consistent with cases construing Rule 26(c). *See, e.g.*, *Garnett-Bishop v. New York Cmty. Bancorp, Inc.*, No. CV 12-cv-2285, 2013 WL 101590, at *2 (E.D.N.Y. Jan. 8, 2013) ("[B]ecause legitimate privacy concerns

exist with regard to personnel files, defendants clearly have a strong and legitimate interest in maintaining strict control over access to this information."); *Hand v. New York City Transit Auth.*, No. 11-cv-997, 2012 WL 3704826, at *5 (E.D.N.Y. Aug. 26, 2012) ("Federal law generally treats medical records as confidential.").

Second, the Plaintiff objects that the Order somehow restricts her counsel's right to practice law, pursuant to Rule 5.6 of the Rules of Professional Conduct. The Plaintiff raises this argument in a conclusory fashion and without any explanation. As a result, this objection does not rise to the level necessary to establish that the Order was "clearly erroneous" or "contrary to law." *See State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs.*, P.C., 375 F. Supp. 2d 141, 157 (E.D.N.Y. 2005) (explaining that arguments raised in a "conclusory fashion" do not support overruling a magistrate judge's discovery order under Rule 72(a)).

Third, the Plaintiff objects that Paragraph 8(a) of the Order should allow the parties to disclose Confidential Information to the Court's personnel. Because the Order already contains such language, this objection is moot. *See* ECF 92 ¶ 8(a).

Therefore, for the foregoing reasons, the Court denies the Plaintiff's motion with prejudice.

Dated: Central Islip, New York
August 28, 2018

\_\_\_/s/ Arthur D. Spatt\_\_\_\_

ARTHUR D. SPATT

United States District Judge