**FILED**
**CLERK**

11:15 am, Aug 29, 2018

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

DR. CHINWE OFFOR,

                                Plaintiff,

              -against-

MERCY MEDICAL CENTER, ROCKVILLE
CENTRE DIVISION, CATHOLIC HEALTH
SERVICES OF LONG ISLAND, DR.
SWARNA DEVARAJAN, and DR. JOHN P
REILLY,

                               Defendants.

------------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
2:15-cv-2219 (ADS)(SIL)

**APPEARANCES:**

**Ike Agwuegbo, Esq.**
*Attorney for the Plaintiff*
575 Lexington Avenue, 4th Floor
New York, NY 10022

**Nixon Peabody LLP**
*Attorneys for the Defendants*
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753
        By: Christopher G. Gegwich, Esq.
           Tony Garbis Dulgerian, Esq., Of Counsel

**SPATT, District Judge**:

Before the Court is an application by defendants Mercy Medical Center, Rockville Centre

Division, Catholic Health Services of Long Island, Dr. Swarna Devarajan, and Dr. John P Reilly

(collectively, the "Defendants") for reasonable attorney's fees and costs, in accordance with a prior

order granting sanctions under Rule 11 of the Federal Rules of Civil Procedure. For the following

reasons, the Court finds the fees and costs requested to be reasonable, but will reserve judgment

1

pending the submission of supplemental information regarding the financial ability of plaintiff's counsel to pay the sanction.

## I. BACKGROUND

On June 25, 2016, the Court granted the Defendants' motion for sanctions against plaintiff Dr. Chinwe Offor (the "Plaintiff") and her counsel, Ike Agwuegbo, Esq. ("Agwuegbo") for reasonable attorney's fees incurred in connection with the filing of a motion to seal and a related sanctions motion. ECF 47. The Court will not repeat the facts underlying the Order, as they are familiar to the parties. In issuing the Order, the Court reserved decision on the amount of the attorney's fees and granted the Defendants' counsel leave to file a declaration and billing records regarding the relevant fees and costs that it charged to the Defendants.

On July 5, 2016, the Plaintiff filed a notice of appeal with the Second Circuit. ECF 48.

On July 25, 2016, the Defendants filed an affidavit containing their counsels' purported billing records and a summary of their fees. ECF 50.

On July 27, 2016, the Plaintiff filed an affidavit in opposition. ECF 51.

On October 4, 2017, the Court issued an order deferring its ruling on the amount of costs and attorney's fees to be awarded the Defendants until the resolution of the Plaintiff's appeal. ECF 52.

On January 11, 2017, the Second Circuit dismissed the Plaintiff's appeal as premature, because the Court had not yet fixed the amount of attorney's fees and costs to be awarded in connection with the award of sanctions. ECF 53.

## II.  DISCUSSION

### A.  LEGAL STANDARD FOR THE CALCULATION OF ATTORNEY'S FEES UNDER RULE 11

If a party violates Rule 11's requirements, courts may impose a sanction against the offending party including, *inter alia*, "an order directing payment . . . of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). When a court determines that attorneys' fees and costs should be used as sanctions under Rule 11, the award should be based both on the total amount of reasonable attorneys' fees and costs attributable to the sanctioned party's misconduct and the amount needed to serve the deterrent purposes of Rule 11. *See Eastway Const. Corp. v. City of New York.*, 821 F.2d 121, 122–23 (2d Cir. 1987).

In the Second Circuit, attorney's fees are determined by calculating the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117–18 (2d Cir.2007), *amended on other grounds*, 522 F.3d 182 (2d Cir. 2008). The "presumptively reasonable fee" is "comprised of a reasonable hourly rate multiplied by a reasonable number of expended hours." *Finkel v. Omega Commc'n Servs.*, Inc., 543 F.Supp.2d 156, 164 (E.D.N.Y. 2008) (citing *Arbor Hill*, 522 F.3d at 189); *see Cruz v. Local Union No. 3 of the Int'l Bd. of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994). In assessing the presumptively reasonable fee, the Second Circuit has instructed that courts should consider the factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). *See Arbor Hill*, 522 F.3d at 190. As summarized by the Second Circuit, the factors relevant to a court's consideration are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's

customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n. 3 (citing *Johnson*, 488 F.2d at 717–19).

A reasonable hourly rate is "the rate a paying client would be willing to pay," which a court should determine "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. In addition, in assessing an attorney's reasonable hourly rate, a court is also required to adhere to what is referred to as the "forum rule." Pursuant to the "forum rule," the Second Circuit has instructed that courts should use the "prevailing [hourly rate] in the community" in determining the reasonable hourly rate. *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). For the purposes of calculating the reasonably hourly rate under the forum rule, the relevant "community" is "the district where the district court sits." *Id.* (citing *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir.1983)); *see also Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir.1998) (finding that district court did not abuse its discretion by reducing fees so that they were line with other fees awarded in the Eastern District of New York); *Luciano v. Olsten Corp.*, 109 F.3d 111, 115–16 (2d Cir.1997) (holding that district court, in setting fees, appropriately relied upon prevailing market rates in the Eastern District of New York where the case was commenced and litigated). Furthermore, as the Second Circuit noted in *Arbor Hill* "the nature of representation and type of work involved in a case are critical ingredients in determining the 'reasonable' hourly rate." *Arbor Hill*, 522 F.3d at 184 n. 2.

After determining the reasonable hourly rate, a court must evaluate the number of hours reasonably billed for the work at issue in order to arrive at the presumptively reasonable fee. *Arbor*

*Hill*, 522 F.3d at 189–90. In reviewing voluminous fee applications, it is unrealistic to expect courts to "evaluate and rule on every entry in an application." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Attorney's fees must be documented by "contemporaneously created time records that specify, for each attorney, the date, hours expended, and the nature of the work done." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998). A party seeking attorney's fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records. *Cho v. Koam Medical Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007).

That being said, "[d]etermination of the amount of Rule 11 sanctions does not necessarily end with calculation of reasonable attorneys' fees and costs." *Friedman v. Self Help Cmty. Servs., Inc.*, No. 11-cv-3210, 2017 WL 663539, at *3 (E.D.N.Y. Feb. 17, 2017). A district court must be mindful that "[t]he purpose of a Rule 11 award 'is not compensation of the victimized party but rather the deterrence of baseless filings and the curbing of abuses.'" *On Time Aviation, Inc. v. Bombardier Capital, Inc.*, 354 F. App'x 448, 452 (2d Cir.2009) (quoting *Caisse Nationale de Credit Agricole–CNCA, N.Y. Branch v. Valcorp, Inc.*, 28 F.3d 259, 266 (2d Cir.1994)); *see also Arbor Hill*, 369 F.3d at 98 (observing that Rule 11 "is not a fee-shifting mechanism and does not create an entitlement to atttorney's fees") (internal quotation marks and citation omitted). "When imposing fees and costs, a court should 'exercise [its] discretion to award only that portion of a [party's] attorney's fee thought to be reasonable to serve the sanctioning purpose of the Rule.'" *Manti's Transp. v. Kenner*, No. 13-cv-6546, 2015 WL 1915004, at *14 (E.D.N.Y. Apr. 27, 2015) (quoting *Bonded Life Fund, LLC v. AXA Equitable Life Ins. Co.*, No. 13-cv-5451, 2014 WL 1329234, at *1 (S.D.N.Y. Apr.1, 2014)). "[B]ecause the purpose of imposing Rule 11 sanctions is deterrence, a court should impose the least severe sanctions necessary to achieve the goal." *Id.*

(quoting *Schottenstein v. Schottenstein*, No. 04-cv-5851, 2005 WL 912017, at *2 (S.D.N.Y. Apr.18, 2005)).

## B. AS TO AMOUNT OF FEES TO BE AWARDED TO THE DEFENDANTS.

In their application, the Defendants claim they incurred the sum of $25,622.50 in attorney's fees relating to the work associated with the motions to seal and for sanctions. ECF 50, Gegwich Decl. ¶ 4. In support of this conclusion, the Defendants attached a schedule of billing entries identifying the date of work performed; the attorney performing the work; the amount of time spent on each task; and a description of the work performed. *Id.* ¶ 5.

The schedule records the work of two attorneys at Nixon Peabody LLP, Christopher G. Gegwich, Esq., a partner with over fifteen years of experience, and Tony Garbis Dulgerian, Esq., a sixth year associate. Nixon Peabody LLP billed the Defendants at the rate of $305 per hour for the work performed by Gegwich and $205 per hour for the work performed by Dulgerian. *Id* ¶ 11. According to the Defendants, Gegwich spent 25.6 hours and Dulgerian spent 86.9 hours performing legal work in connection with the Defendants' motions to seal and for sanctions. *Id.* ¶ 13.

In the context of the relevant issues underlying the Rule 11 sanction issued here, the Court finds the amount of the attorney's fees requested to be reasonable.

First, the Defendants' attorneys charged a reasonable hourly rate for the legal work performed. Courts in the Second Circuit have awarded attorney's fees based on comparable prevailing rates for attorneys in the Eastern District of New York. *See Konits v. Karahalis*, 409 F. App'x 418, 422–23 (2d Cir.2011) (affirming district court holding that prevailing rate for experienced attorney ranges from approximately $300 to $400 per hour); *Penberg v. HealthBridge Mgmt.*, No. 08-cv-1534, 2011 WL 1100103, at *6–7 (E.D.N.Y. March 22, 2011) (observing that

"reasonable fees in this district vary from $200 to $375 per hour for partners and $100 to $295 per hour for associates").

Second, the Defendants' attorneys expended a reasonable number of hours in connection with the motions to seal and for sanctions. The contemporaneous billing reports submitted by Nixon Peabody LLP "do not demonstrate any inappropriate, wasteful, or needless work." *See Friedman*, 2017 WL 663539, at \*3 (finding 198.3 hours to be reasonable in light of "nearly 150 page Complaint and myriad other filings"). The Court finds that the amount of time spent on this matter is especially reasonable in light of the voluminous medical records at issue and the fact that Agwuegbo precipitated the motion practice due to his refusal to agree to redactions without a coherent legal or factual basis for his opposition. Agwuebo claims that "the redaction of [] various sections of the Schedule of fees impeded the ability of the Plaintiff's Counsel to critically scrutinize the Schedule of fees." ECF 51, Rebuttal to Supplemental Decl. at 10. However, these redactions related to legal work unrelated to the application, for which the Defendants do not seek reimbursement. The fee schedule contained dozens of entries over a several month period outlining Nixon Peabody LLP's work on the relevant matters, and Agwuebo declined to comment on the validity of those charges.

With this in mind, the Court finds awarding the Defendants the entirety of their attorney's fees is necessary to advance the goals of Rule 11. As explained in greater detail in the Court's June 25, 2016 Order, Agwuegbo acted in bad faith regarding a matter of grave significance—the un-redacted medical information of patients, most of whom were infants. ECF 47 at 6–8. Given the potential serious consequences that could have stemmed from the disclosure of such information, and the Defendant's intransigence surrounding the issue, the Court believes the only way to deter

such misbehavior in the future is requiring Agwuegbo to bear the full costs of the fees incurred by the Defendants.

In his opposing declaration and rebuttal to the Defendants' supplemental declaration, Agwuegbo challenges neither the reasonableness of the rate charged nor the hours worked by Nixon Peabody LLP. Instead, Agwuegbo simply attempts to re-litigate the merits of awarding the sanction itself. As Agwuegbo already had the opportunity to be heard regarding the propriety of the initial sanction, the Court rejects Agwuegbo's second attempt at the same relief.

The most salient argument raised by Agwuegbo is that "the Plaintiff had no part in the Plaintiff's Counsel's failure to redact and should not be punished by the court" for Agwuegbo's misconduct. ECF 51, Agwuegbo Decl. ¶ 13. The Court agrees. Any attorney's fees will be payable by Agwuegbo, and not the Plaintiff. *See, e.g.*, *Friedman*, 2017 WL 663539, at *4 (directing counsel to pay attorney's fees to successful Rule 11 movant); *Kirschner v. Zoning Bd. of Appeals of Inc. Vill. of Valley Stream*, 159 F.R.D. 391, 400 (E.D.N.Y. 1995) (same).

Finally, Agwuegbo argues that he is not "in a position to pay the Billionaire Defendants the amount demanded or any other sum." ECF 51, Rebuttal to Supplemental Decl. at 10. While it may be appropriate for courts in some instances to reduce a Rule 11 sanction based on the financial circumstances of a party, Agwuegbo provides no supporting documentation to back up this assertion. Absent evidence demonstrating an inability to pay, the Court will not allow Agwuegbo to avoid the consequences of his conduct on the basis of this conclusory assertion alone. *See In re Saint Vincent's Catholic Med. Centers of New York*, No. 10-cv-11963, 2014 WL 3545581, at *14 (S.D.N.Y. July 16, 2014) (refusing to reduce award for attorney's fees when party failed to comply with orders directing her to provide documentation "to support her contention that she was unable to pay sanctions"); *Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank*

*Austria Creditanstalt AG*, No. 04-cv-3600, 2005 WL 3099592, at \*8 (S.D.N.Y. Nov. 17, 2005) (denying request to reduce Rule 11 sanctions when party "[n]othing in the record indicate[d] that [the party] is incapable of sustaining a judgment for attorney's fees" and "failed to submit any papers objecting to [the] fee application"); *Hissom v. New York City Dep't of Hous. Pres. & Dev. of City of New York*, No. 86-cv-2340, 1987 WL 45807, at \*8 (S.D.N.Y. Dec. 22, 1987) (rejecting request to reduce Rule 11 sanctions where neither party "presented any evidence that an award of sanctions would create an overwhelming hardship for them").

However, the Court understands that levying the full weight of the Defendants' attorney's fees on Agwuegbo might not comport with the underlying purpose of Rule 11 sanctions, if such a fee would impose an unreasonable financial hardship on him. Therefore, the Court will provide him with an opportunity to supplement his objection to the Defendants' application with financial information in support of his claim. *See Alvarez v. 894 Pizza Corp.*, No. 14-cv-6011, 2016 WL 4536574, at \*8 (E.D.N.Y. Aug. 2, 2016) (permitting party subject to Rule 11 sanctions to "supplement his financial information and provide greater detail in support of his claim of financial hardship"), *report and recommendation adopted*, 2016 WL 4540817 (E.D.N.Y. Aug. 30, 2016); *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, LTD.*, No. 07-cv-3208, 2010 WL 3925195, at \*5 (E.D.N.Y. Sept. 9, 2010) (finding that parties subject to Rule 11 sanctions "may supplement their financial information and provide greater detail in support of their claim of financial hardship"), *report and recommendation adopted as modified*, 2010 WL 3924674 (E.D.N.Y. Sept. 30, 2010), *aff'd*, 682 F.3d 170 (2d Cir. 2012); *Schottenstein*, 2005 WL 912017, at \*2 (finding that party subject to Rule 11 sanctions "may submit an affidavit supported by appropriate financial documents that states in detail his inability to pay the sanctions awarded by the Court.").

### III. CONCLUSION

Thus, for the foregoing reasons, the Court finds that $25,622.50 constitutes reasonable attorney's fees and costs under Rule 11. However, the Court will reserve judgment pending a determination on the financial hardship to Agwuegbo.

Agwuegbo shall submit appropriate financial information and proof to the Court regarding his alleged inability to pay the sanctions awarded within 20 days. The Defendants shall file any response no later than 10 days after the submission of Agwuegbo's supplement.

**SO ORDERED**.

Dated: Central Islip, New York
August 29, 2018


_s/ Arthur D. Spatt_____

ARTHUR D. SPATT

United States District Judge