FILED
CLERK
12:44 pm, Jan 02, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
DR. CHINWE OFFOR,

                        Plaintiff,   **MEMORANDUM OF**
                                               **DECISION & ORDER**
      -against-   2:15-cv-2219 (ADS)(SIL)

MERCY MEDICAL CENTER, ROCKVILLE
CENTRE DIVISION, CATHOLIC HEALTH
SERVICES OF LONG ISLAND, DR.
SWARNA DEVARAJAN, and DR. JOHN P
REILLY,

                        Defendants.

---------------------------------------------------------X

**APPEARANCES:**

**Ike Agwuegbo, Esq.**
*Attorney for the Plaintiff*
575 Lexington Avenue, 4th Floor
New York, NY 10022

**Nixon Peabody LLP**
*Attorneys for the Defendants*
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753
       By: Christopher G. Gegwich, Esq.
           Tony Garbis Dulgerian, Esq., Of Counsel

**SPATT, District Judge**:

      Presently before the Court is a motion by the Defendants, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, objecting to an order by United States Magistrate Judge Steven I. Locke requiring the Defendants to produce the Plaintiff's entire personnel file, including documents relating to the termination of the Plaintiff's employment. ECF 112 (the "Order"). For the following reasons, the Court overrules the Defendants' objections.

1

When considering an appeal of a magistrate judge's ruling on a non-dispositive matter, a district judge "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. Rule 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). A finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir.2004). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y.2002) (citation omitted).

The Plaintiff worked as a physician at MMC until her separation from employment in August 2014. She asserts a single claim in this action for retaliation pursuant to the Family and Medical Leave Act ("FMLA"). According to Plaintiff's theory of the case, in December 2012, MMC placed her on Focused Practitioner Performance Evaluation ("FPPE") because she asked for vacation time to visit her pregnant daughter. On March 10, 2016, the Court dismissed the Plaintiff's claim, ECF 47, which the Second Circuit reversed on January 20, 2017. ECF 55. In its opinion vacating the Court's order, the Second Circuit stated:

> [The Plaintiff] has plausibly alleged that she attempted to exercise FMLA rights, that she was qualified for her position, and that she suffered an adverse employment action when she was put on FPPR probation. Mercy Medical put her on the FPPR probation only one month after she retained an attorney, and that temporal proximity is enough at this stage to give rise to an inference of retaliatory intent.

*Offor v. Mercy Med. Ctr.*, 676 F. App'x 51, 54 (2d Cir. 2017). Based on this language, the Defendants believe that it is the "law of the case" that the *only* adverse employment action at issue

is the placement of the Plaintiff on FPPE in December 2012. Consequently, the Defendants argue that Judge Locke committed clear error by permitting discovery after that date.

The Court concurs with Judge Locke. In its order dismissing the Plaintiff's retaliation claim, the Court found that the Plaintiff failed to allege a plausible connection between an adverse employment action and the filing of an EEOC charge. The Second Circuit, on the other hand, noted that the Plaintiff did "not argue on appeal (or allege in the complaint) that she was retaliated against for filing an EEOC charge in 2014" and "[i]nstead, she argue[d] that Mercy Medical retaliated against her for hiring an attorney and exercising her FMLA rights in late 2012." *Id.* As a result, Second Circuit "vacate[d] the district court's dismissal of Offor's FMLA retaliation claim." *Id.* While the Second Circuit may have zeroed in on her placement on FPPE, nothing about this language excludes the Plaintiff's termination from the scope of consideration. Indeed, the Second Circuit vacated the entirety of the Court's order dismissing the retaliation claim, not just the findings regarding FPPE placement.

Further, the operative pleadings align with Judge Locke's assessment that FFPE was "the first link in the chain that ultimately led to the plaintiff's termination." ECF 115-6 at 25. The Second Amended Complaint alleges that the Defendants "retaliated against [the Plaintiff] by extending her placement on Focused Practitioner Performance Review from December 2012 till her employment was terminated on August 21st, 2014" and that the Defendants "retaliated against the plaintiff" by "terminating her employment." ECF 115-2 ¶¶ 156-57. Considering that the Plaintiff explicitly makes this allegation in the operative complaint – a document filed over three years ago – the Court finds that Judge Locke did not commit clear error by permitting discovery of the Plaintiff's entire personnel file.

Therefore, the Court overrules the Defendants' objections to the Order.

**SO ORDERED**.

Dated: Central Islip, New York
January 2, 2019

                                                            _/s/ Arthur D. Spatt_____

                                                            ARTHUR D. SPATT

                                                            United States District Judge