**FILED
CLERK**

1:36 pm, Jan 11, 2019

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
DR. CHINWE OFFOR,

                                 Plaintiff,

        -against-

MERCY MEDICAL CENTER, ROCKVILLE CENTRE DIVISION, CATHOLIC HEALTH SERVICES OF LONG ISLAND, DR. SWARNA DEVARAJAN, and DR. JOHN P REILLY,

                                Defendants.

----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:15-cv-2219 (ADS)(SIL)

**APPEARANCES:**

**Ike Agwuegbo, Esq.**
*Attorney for the Plaintiff*
575 Lexington Avenue, 4th Floor
New York, NY 10022


**Nixon Peabody LLP**
*Attorneys for the Defendants*
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753
       By: Christopher G. Gegwich, Esq.
           Tony Garbis Dulgerian, Esq., Of Counsel

**SPATT, District Judge**:

On November 20, 2018, the Court sanctioned the Plaintiff's counsel, Ike Agwuegbo, Esq. ("Agwuegbo"), in the amount of $25,622.50, and directed Agwuegbo directed to make this payment to the Defendants on or before December 21, 2018. ECF 109 (the "Order"). Presently before the Court is a motion by Agwuegbo to stay the enforcement of the Order pending appeal. ECF 121. For a recitation of the relevant facts, the Court refers the parties to the June 25, 2016 order granting the

Defendants' motion for sanctions, ECF 47; the August 29, 2018 order tentatively approving the amount of the Defendants' attorney's fees, ECF 98; and the Order.

Agwuegbo's motion provides no legal basis for the requested stay. Under Rule 62(b), he could obtain a stay as a matter of right by posting a bond or other security. It is unclear whether he believes the Court should waive the bond requirement under the five-factor test articulated by the Second Circuit in *In re Nassau Cty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015), or if he is arguing for application the four-factor test often used in conjunction with stays of injunctions. *Compare John Wiley & Sons, Inc. v. Book Dog Books*, LLC, 327 F. Supp. 3d 606, 648 (S.D.N.Y. 2018) ("This Court agrees with those courts holding the traditional four factors "appl[y] only when the judgment sought to be stayed is for injunctive or equitable relief."), *with de la Fuente v. DCI Telecommunications, Inc.*, 269 F. Supp. 2d 237, 240 (S.D.N.Y. 2003) (applying four-factor test to motion to stay Rule 11 sanctions).

Under the five factor *Nassau County Strip Search Cases* test, the Court may exercise its discretion to waive the bond requirement based on an evaluation of the following factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

783 F.3d at 417–18 (citing *Dillon v. Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988)).

Under the traditional four-factor test, a district court must consider: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although

less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." *In re Albicocco*, No. 06-CV-3409 (JFB), 2006 WL 2620464, at *1 (E.D.N.Y. Sept. 13, 2006).

The Court need not decide which rule to apply, because Agwuegbo's motion is wholly inadequate under either one. Agwuegbo fails to reference any of the aforementioned-factors, let alone provide an explanation why they favor permitting a stay. Instead, Agwuegbo makes the following perfunctory assertions: that "the Court's Order was made out of a mistaken belief that [he] had failed to redact HIPAA related materials from my Court filings," that "the Order was excessive," that "the Defendants will in no way suffer prejudice from a grant of stay of execution in this case without bond," and that "a denial of this application will unduly burden the Plaintiff and her Counsel." ECF 121-1.

The Court gave Agwuegbo multiple opportunities to argue in favor of lower sanctions. First, the Court permitted him to challenge the purported reasonableness of the attorney's fees requested by the Defendants. Second, the Court permitted him to provide financial information demonstrating any potential hardship sanctions may impose on him. In both cases, Agwuegbo declined the Court's invitations in favor of challenging the original decision that his conduct violated Rule 11. As his motion to stay raises no new arguments and is in effect another in a string of collateral attacks on the underlying sanctions order, he failed to carry the burden required to obtain a stay without the posting of a bond.

Further, Agwuegbo puts forward no cogent justification for permitting three additional months to secure a bond. The Order gave him a month to pay the sanctions and he has, in effect, received an additional three-week stay due to the briefing of his motion. Since Agwuegbo has failed to justify the institution of a stay in the first place, the Court sees no reason to let him achieve the same end through a different means.

Accordingly, the Court denies Agwuegbo's motion to stay in his entirety. Agwuegbo is directed to make payment to the Defendants, or provide a bond or other security, no later than ten days from the issuance of this order.

SO ORDERED.

Dated: Central Islip, New York
January 11, 2019

　　/s/ Arthur D. Spatt　　

ARTHUR D. SPATT

United States District Judge