FILED
CLERK
12:32 pm, Jun 27, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
DR. CHINWE OFFOR,

                              Plaintiff,      **MEMORANDUM OF**
                                            **DECISION & ORDER**
          -against-                     2:15-cv-2219 (ADS)(SIL)

MERCY MEDICAL CENTER, ROCKVILLE
CENTRE DIVISION, CATHOLIC HEALTH
SERVICES OF LONG ISLAND, DR.
SWARNA DEVARAJAN, and DR. JOHN P
REILLY,

                              Defendants.

----------------------------------------------------------X

**APPEARANCES:**

**Ike Agwuegbo, Esq.**
*Attorney for the Plaintiff*
575 Lexington Avenue, 4th Floor
New York, NY 10022

**Nixon Peabody LLP**
*Attorneys for the Defendants*
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753
       By: Christopher G. Gegwich, Esq.
           Tony Garbis Dulgerian, Esq., Of Counsel

**SPATT, District Judge**:

      Presently before the Court is a motion by the Plaintiff, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, objecting to an order by United States Magistrate Judge Steven I. Locke denying her motion to compel production of her personnel file and certain patient records. ECF 139 (the "Order"). For the following reasons, the Court overrules the Plaintiff's objections.

1

When considering an appeal of a magistrate judge's ruling on a non-dispositive matter, a district judge "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. Rule 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). A finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir.2004). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y.2002) (citation omitted).

The Plaintiff seeks to compel production of "the entirety of the Plaintiff's human resources file" and "the entirety of the clinical charts for the patients that [she] allegedly mismanaged," claiming the Defendants only produced "cherry picked documents" from each file. ECF 133 at 1-2. Judge Locke denied the Plaintiff's motion without prejudice due to representations by the Defendants they produced the files at issue in their entirety. The Plaintiff objects to Judge Locke's ruling, stating:

> Here, rather than grant the Motion to Compel the production of the entirety of the Plaintiff's Personnel File, and the missing documents from the Medical Records of the FPPE related patients, even in the light of the Plaintiff specifying the missing documents, (See Exhibit B) the Court opted to take the Defendants' Counsel's words as truth that the Defendants have produced all the documents in their possession regarding the two categories of documents demanded.

ECF 142 at 4-5.

2

The Plaintiff provides no factual basis to doubt the truthfulness of the Defendants' representations regarding the completeness of their productions. Nor does the Plaintiff provide a legal basis for compelling the production of documents that don't exist. As Judge Locke put it, the Court "can't walk over to the hospital and look for records." ECF 147-1. The Court thus sees no error in the Order, let alone clear error.

Therefore, the Court overrules the Plaintiff's objections to the Order.

**SO ORDERED**.

Dated: Central Islip, New York
June 27, 2019

___/s/ Arthur D. Spatt___

ARTHUR D. SPATT

United States District Judge