FILED
CLERK
1:12 pm, Oct 02, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
DR. CHINWE OFFOR,

                              Plaintiff,

        -against-

MERCY MEDICAL CENTER, ROCKVILLE CENTRE DIVISION, CATHOLIC HEALTH SERVICES OF LONG ISLAND, DR. SWARNA DEVARAJAN, and DR. JOHN P REILLY,

                            Defendants.

-----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:15-cv-2219 (ADS)(SIL)

**APPEARANCES:**

**Ike Agwuegbo, Esq.**
*Attorney for the Plaintiff*
575 Lexington Avenue, 4th Floor
New York, NY 10022

**Nixon Peabody LLP**
*Attorneys for the Defendants*
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753
        By:    Christopher G. Gegwich, Esq.
                 Justin Anthony Guilfoyle, Esq.,

**SPATT, District Judge**:

Presently before the Court is a motion by the Plaintiff, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, objecting to a July 30, 2019 order by United States Magistrate Judge Steven I. Locke permitting the Defendants to conduct an attorney's eyes only inspection of the Plaintiff's tax returns. ECF 155 (the "Order"). For the following reasons, the Court overrules the Plaintiff's objections.

1

When considering an appeal of a magistrate judge's ruling on a non-dispositive matter, a district judge "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. Rule 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). A finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir.2004). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y.2002) (citation omitted).

In the Order, Judge Locke, in relevant part, made the following ruling:

> Plaintiff will produce her tax returns since 2014 at her counsel's office for defense counsel to review for a period of up to two hours on a mutually agreeable date and on an attorney's eyes only basis for the purpose of determining solely whether Dr. Offor had an [sic] subsequent employment and what her earnings were as the result of this employment. The review of the tax returns will be for no other purpose and the Court expressly notes that Dr. Offor's spouse's income and any unearned income are irrelevant to these proceedings. If Defendants believe other documents not previously produced are relevant they will bring this to the Court's attention as soon as is practical so that any issues my [sic] be resolved.

ECF 155 ¶ 2. The Plaintiff objects that her tax returns are not discoverable because they have no relevance and she possesses a privacy interest in the confidentiality of the contents therein.

The Plaintiff's objection is totally without merit. Importantly, the Order did not compel production of her tax returns as part of the discovery process. It instead provided for an attorney's eyes only review of the documents to investigate a factual issue directly relevant to her Family and

2

Medical Leave Act retaliation claim—the extent to which the Plaintiff mitigated damages by seeking alternative employment after the Defendants terminated her.

The Plaintiff makes no specific objections to the narrowly tailored remedy provided, instead providing a barely comprehensible list of quotations and citations to cases denying motions to compel the production of tax returns in other unrelated circumstances. The Court sees no pertinent comparison to these cases, which dealt with demands for full production of tax returns with no accompanying showing of relevance by the movant. *See, e.g.*, *Payne v. Howard*, 75 F.R.D. 465, 470 (D.D.C. 1977) ("access to defendant's tax returns here is not essential to discovering relevant information that is not obtainable by other means"); *Gattegno v. Pricewaterhousecoopers, LLP*, 205 F.R.D. 70, 74 (D. Conn. 2001) ("defendant has not shown—nor even argued—that income other than plaintiff's wages and salaries is relevant to this action"). To the extent that the Plaintiff objects that less intrusive means exist for discovering the information sought, or to the potential revelation of her husband's confidential information, the Court notes her failure to produce W-2s or other documentation from which the Defendants could ascertain her post-termination employment.

Therefore, the Court concurs with Judge Locke that a limited, confidential review of the documents by defense counsel for the sole purpose of ascertaining the Plaintiff's subsequent employment and earnings will adequately protect her privacy interests. Accordingly, the Court sees no error in the Order, let alone clear error, and overrules the Plaintiff's objections.

**SO ORDERED**.

Dated: Central Islip, New York
October 2, 2019

   __/s/ Arthur D. Spatt___

ARTHUR D. SPATT

United States District Judge