FILED
CLERK
4:57 pm, Oct 04, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
DR. CHINWE OFFOR,

                                              Plaintiff,        **MEMORANDUM OF**
                                                                      **DECISION & ORDER**
               -against-                            2:15-cv-2219 (ADS)(SIL)

MERCY MEDICAL CENTER, ROCKVILLE
CENTRE DIVISION, CATHOLIC HEALTH
SERVICES OF LONG ISLAND, DR.
SWARNA DEVARAJAN, and DR. JOHN P
REILLY,

                                             Defendants.

----------------------------------------------------------X

**APPEARANCES:**

**Ike Agwuegbo, Esq.**
*Attorney for the Plaintiff*
575 Lexington Avenue, 4th Floor
New York, NY 10022

**Nixon Peabody LLP**
*Attorneys for the Defendants*
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753
        By:    Christopher G. Gegwich, Esq.
                  Justin Anthony Guilfoyle, Esq.,

**SPATT, District Judge**:

       Presently before the Court is a motion by the Plaintiff, pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, seeking the imposition of sanctions against the Defendants for spoliation. The Court denies the motion, because the Plaintiff failed to establish the necessary predicate for a spoliation sanction, *i.e.*, the destruction or alteration of evidence.

       "Spoliation of evidence occurs when a party or an agent of such party destroys or significantly alters evidence, or fails to properly preserve it for another's use as evidence in a

1

pending or reasonabl[y] foreseeable litigation." *Alaimo v. Trans World Airlines, Inc.*, No. 00-cv-3906, 2005 WL 267558, at *3 (S.D.N.Y. Feb. 3, 2005) (citing *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir.1999)). Therefore, the requirement that the sought-after evidence exist and actually be destroyed almost goes without saying; there can by definition be no spoliation of evidence if no such evidence existed in the first place. *See Stephen v. Hanley*, No. 03-cv-6226, 2009 WL 1437613, at *2 (E.D.N.Y. May 20, 2009) ("In addition to the foregoing three requirements for spoliation, the court states the obvious: the evidence must have existed."); *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 271 F.R.D. 429, 441 (S.D.N.Y. 2010) ("[F]or sanctions to be appropriate, it is a necessary, but insufficient, condition that the sought-after evidence actually existed and was destroyed.").

Here, there is no indication that the Defendant spoliated evidence whatsoever. According to the Plaintiff, she and two other treating nurses kept certain detailed treatment notes regarding a patient at Mercy Medical Center, which the Defendants deleted when they produced the patient's medical records to the Office of Professional Medical Conduct of the New York State Department of Health. However, the Plaintiff neither identifies documents corroborating the existence of those treatment notes nor provides credible, sworn testimony to that effect. Instead, she bases her allegation entirely on the affidavit of her lawyer, Ike Agwuegbo ("Agwuegbo"), and an e-mail from Dr. Devarajan mentioning an "investigation" of an intravenous bag containing medication being administered to that patient.

This "evidence" could not be less compelling. First, Agwuegbo has no personal knowledge of the matter, meaning his testimony would at most amount to a recollection of the Plaintiff's, not his, memory regarding the treatment notes. In other words, it is inadmissible hearsay. *See DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012). Second, Dr. Devarajan's passing reference to an

2

"investigation" into the intravenous bag by no means necessitates that the Plaintiff or the two other nurses wrote the supposed notes, let alone that the Defendants deleted those notes. The party seeking a spoliation sanction carries a substantial burden. The evidence cited, which is little more than baseless speculation, fails to come even remotely close to meeting that burden. *See Mohammed v. Delta Airlines, Inc.*, No. 08-cv-1405, 2011 WL 5554269, at *3 (E.D.N.Y. Nov. 15, 2011) ("[P]laintiff here submits no evidence that the cameras in the airport terminal recorded her accident, she merely points to the fact that cameras were present in the vicinity. Plaintiff therefore fails to establish that the evidence she accuses Delta of destroying or concealing has ever existed."); *Stephen*, 2009 WL 1437613, at *2 ("Plaintiffs' motion for spoliation pertaining to radio communications is denied because the plaintiffs have not established that radio communication and related documents pertaining to the July 2002 incident ever existed, let alone were destroyed.").

More importantly, the uncontroverted evidence overwhelmingly establishes that the treatment notes the Plaintiff seeks never existed. The Defendants furnished affidavits from the nurses identified in the Plaintiff's motion, who confirmed that they have no recollection of entering the notes. Moreover, the Defendants provided a detailed accounting of its electronic medical record system, explaining that any treatment notes entered by the Plaintiff would have been stored permanently (along with any deletions or alterations to those notes). An audit of those records revealed no entries, deletions, or alterations of the sought-after notes. Unsurprisingly, the Plaintiff failed to respond to either pieces of evidence in her reply. Although it is normally difficult to prove a negative, this is not one of those cases. It is abundantly clear that the Defendants neither deleted nor altered evidence relevant to the Plaintiff's claims. *See Whalen v. CSX Transportation, Inc.*, No. 13-cv-3784, 2016 WL 4681217, at *3 (S.D.N.Y. Sept. 7, 2016) ("CSX has presented

uncontroverted evidence that the concrete floor, with the crack in it, still exists beneath the rubber tiles and that the crack can be seen by simply lifting the tiles. Because the concrete floor has not been altered, destroyed or rendered inaccessible, there is no basis for spoliation sanctions.").

The Court warns Agwuegbo to exercise significantly more discretion regarding discovery motion practice. Since May, he has filed three consecutive motions that are totally meritless, if not frivolous. Each motion utterly failed to articulate a cogent basis for granting the relief sought, consisting entirely of his poorly organized conclusory assertions and baseless allegations. The Court reminds Agwuegbo that by filing a motion he is certifying that there are reasonable grounds supporting that motion. Rule 11(b). No definition of reasonable includes the sort of motions filed over the past few months, which have required the Court to needlessly expend resources on trivial issues and significantly impeded the efficient administration of justice. Although the Court will not sanction him at this time, if Agwuegbo fails to adopt a different posture in the future, it will have little choice.

Therefore, the Court denies the Plaintiff's motion for sanctions in its entirety.


**SO ORDERED**.

Dated: Central Islip, New York
October 4, 2019


   /s/ Arthur D. Spatt   
ARTHUR D. SPATT
United States District Judge