UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DR. CHINWE OFFOR,

                              Plaintiff,        **ORDER**

  -against-                                15-cv-2219(ADS)(SIL)

MERCY MEDICAL CENTER,
CATHOLIC HEALTH SERVICES OF
LONG ISLAND, DR. SWARNA
SAVARAJAN and DR. JOHN P. REILLY,

                              Defendants.
------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this Family and Medical Leave Act-retaliation action are Plaintiff Dr. Chinwe Offor's ("Offor" or "Plaintiff") motion to compel the production of subpoenaed documents from non-party New York Presbyterian Hospital ("NYPH"), and related letter motion for a protective order as to any documents produced. Docket Entry ("DE") 217, 218. For reasons stated herein, both motions are denied.

**I.    Background**

Plaintiff is a neonatologist. She was hired by Defendant Mercy Medical Center ("Mercy Medical" or the "Hospital") on February 1, 2000 and worked as a physician in the Neonatal Intensive Care Unit until she was terminated on August 21, 2014. *See* Complaint ("Compl.") ¶¶ 1, 15. The ultimate issue to be decided in later proceedings will be the reason for Plaintiff's discharge.

On December 30, 2019, Plaintiff served NYPH with a subpoena seeking medical records of an infant patient treated at NYPH in 2013 after the baby was

transferred out of Offor's care at Mercy Medical.  *See* Non-Party Subpoena, DE [217-2].  Plaintiff seeks these records to demonstrate that insulin was not initially commenced when the infant was transferred out of her care and into the neonatal division at NYPH, and that after the insulin treatment was eventually started it was stopped two hours later.  *See* Declaration of Dr. Chinwe Offor in Support of her Motion to Compel, ("Offor Decl."), DE [217-1] at ¶ 11.  According to Offor the dosage is relevant because her failure to administer insulin was a reason leading to her termination from Mercy Medical.  *See id*. at ¶¶ 4, 11, 13.

After certain initial correspondence between Plaintiff and NYPH concerning whether the subpoena was initially served properly, and whether providing the documents sought would violate federal privacy requirements under the Health Insurance Portability and Accountability Act ("HIPAA"), *see* DE [217-3], NYPH ultimately objected to the subpoena by letter dated May 7, 2020, arguing that the documents sought seemed to be irrelevant, and that in any event, absent an appropriate court order, their production would violate HIPAA.  *See* DE [224-1].[1]  The relevance objection was echoed by Defendants in their opposition, who also take the position that the documents sought are disproportional to the needs of this case.  *See* DE [222].[2]

On April 27, 2020, Offor filed her motions to compel production of the subpoenaed documents and for a protective order.  *See* DEs [217, 218].  Defendants

---

[1] The Court notes that Plaintiff filed the May 7, 2020 letter on NYPH's behalf.
[2] Defendants recognize that they may lack standing to object to the subpoena but suggest that the Court is nevertheless empowered to limit the scope of discovery on its own.  *See* DE [222] at 1-2.

filed their letter opposition on May 4, 2020, and Offor filed her reply on May 6, 2020. *See* DEs [222, 223]. For the reasons set forth below, the motions are denied.

## II.  Legal Standard

In reviewing a motion to compel, the Court must address whether the moving party has established the necessary relevance of the information sought and that it is proportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1); Rule 26 Advisory Committee Notes to 2015 Amendments; *see Neogenix Oncology, Inc. v. Gordon*, No. 14-4427, 2017 WL 1207558, at *8 (E.D.N.Y. Mar. 31, 2017) (citing *Night Hawk Ltd. v. Briarpatch Ltd.*, No. 03-1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003)); *Sibley v. Choice Hotels Int'l*, No. 14-634, 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015) ("[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case."). Rule 45 subpoenas served on non-parties are subject to the same requirements that apply to party discovery under Rule 26(b)(1). *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011*); see Ford Motor Credit Co. v. Meehan*, No. 05-4807, 2008 WL 2746373, at *4 (E.D.N.Y. July 11, 2008); *During v. City Univ. of New York*, No. 05-6992, 2006 WL 2192843, at *82 (S.D.N.Y. Aug. 1, 2006). Therefore, "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd..*, 2003 WL 23018833, at *8; *see also Salvatorie Studios, Int'l v. Mako's Inc.*, No. 01-4430, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001).

### III. Discussion

In support of her motion to compel, Offor claims that NYPH's documents are relevant because they would fill the alleged gaps of information in the patient's medical file and provide context and clarity for Offor's treatment. Offor Decl. at ¶¶ 12, 14. The problem with this argument is that it is not directed toward evidence that may be relevant to her claims or Defendants' defenses, but rather to her repeated assertions, all of which have been previously rejected by the Court, that Defendants have altered and deleted relevant records. *See id.* at ¶¶ 8-10; Memorandum of Law in Support of Plaintiff's Motion to Compel the Director of Neonatology, Morgan Stanley Children's Hospital of New York Presbyterian, Columbia University Medical Center, New York, to Comply with the Lawfully Issued Subpoena and Produce the Documents Demanded Therein, DE [217-8], at 9; Memorandum of Decision and Order of the Court, DE [175].

Once the Court focuses its attention on the issues of relevance and proportionality, it becomes clear that the motion to compel, and the related motion for a protective order, must be denied. To establish a *prima facie* case of FMLA retaliation, Plaintiff must show that: (1) she exercised rights protected under the FMLA; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004). If Plaintiff establishes a *prima facie* case, the burden shifts to Defendants to demonstrate a legitimate nondiscriminatory reason for their actions.

*Graziado v. Culinary Institute of America*, 817 F.3d 415, 429 (2d Cir. 2016). If Defendants satisfy this burden, Plaintiff must show that the reason proffered is pretextual. *Id*.

Records concerning medical care of a patient after that patient left the Hospital and Dr. Offor's care, and which Plaintiff does not argue that Defendants ever saw or relied upon in making the decision to terminate her, are not relevant to her claims or Defendants' defenses under the standards set forth above. They do not demonstrate circumstances that would create an inference of retaliatory intent, or that the reason given for her termination was a pretext for unlawful conduct. To the extent that Plaintiff is making yet another veiled attempt to demonstrate through the subpoenaed documents that Defendants have been deleting or modifying documents to hide something from her or the Court, an argument previously rejected by the Court more than once, the subpoena is nothing more than a fishing expedition and disproportionate to the needs of this case. Accordingly, Plaintiff's motions to compel and for a protective order, DE [217 218], are denied.

### IV. Conclusion

For the foregoing reasons, the Plaintiff's motion to compel, DE [217], and motion for a protective order, DE [218], are denied. The parties are directed to submit a joint status report as to what remains to be done in discovery on or before June 24, 2020.

**So Ordered.**

Dated:    Central Islip, New York
         June 11, 2020

<u>s/ Steven I. Locke</u>
STEVEN I. LOCKE
United States Magistrate Judge